NOT FOR PUBLICATION (Doc. Nos. 16, 22, 25)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| Donald GARDNER | : |
| Plaintiff, | : Civil No. 15-8982 (RBK/AMD) |
| v. | : **Opinion** |
| NEW JERSEY STATE POLICE, et al., | : |
| Defendant(s). | : |

**KUGLER**, United States District Judge:

Plaintiff Donald Gardner brings this action against Defendants New Jersey State Police, Egg Harbor Township, City of Atlantic City, Michael Bordonaro, Steven Swankoski, Jeremy Nirenberg, Edwin Huber, Andrew Koch, Paul Horsey, and Jack Donegan for excessive force, intentional infliction of emotional distress, abuse of process, negligence, violation of the New Jersey Civil Rights Act, violation of 42 U.S.C. § 1983, and punitive damages. Plaintiff moves for leave to amend the Complaint (Doc. No. 22). Defendants New Jersey State Police, Edwin Huber, Andrew Koch, Paul Horsey, and Jack Donegan ("State Defendants"), and Defendants Egg Harbor Township, Michael Bordonaro, and Steven Swankoski ("EHT Defendants") (collectively, "Defendants") each move to dismiss Plaintiff's claims (Doc Nos. 16, 25). For the reasons expressed below, Plaintiff's Cross-Motion for Leave to File an Amended Complaint is **GRANTED**, State Defendants' Motion to Dismiss is **DENIED**, and EHT Defendants' Motion to Dismiss is **GRANTED IN PART**.

1

**I.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Egg Harbor Township ("EHT") is a municipality in New Jersey. EHT's Br. in Supp. of Mot. to Dismiss ¶ 4. On or before November 7, 2013, the EHT Police Department allegedly issued a "be on the lookout of" ("BOLO") for Plaintiff and a vehicle believed to be in his possession. Am. Compl. ¶ 17. On November 7, 2013, Detective Sergeant First Class Edwin Huber, Trooper Andrew Koch, Trooper Paul Horsey, and Trooper Jack Donegan of the New Jersey State Police, Casino Gaming Bureau were in Egg Harbor Township. *Id.* ¶¶ 18, 20. They allegedly spotted Plaintiff's vehicle and began pursuing it, without first verifying the BOLO. *Id.* ¶ 20. When they failed to make a traffic stop of the vehicle, they contacted the Atlantic City Police Dispatch and falsely advised them that Plaintiff was armed with a handgun and dangerous. *Id.* ¶¶ 21–22. Taking action on a BOLO before verifying it is a violation of New Jersey State Police policy or custom, according to Plaintiff. *Id.* ¶¶ 20.

Upon being alerted of Plaintiff's presence in Egg Harbor Township, the Atlantic City Police Department disseminated the information countywide, thereby "creat[ing] a false sense of alarm" and causing multiple law enforcement agencies to begin pursuing Plaintiff. *Id.* ¶¶ 24–25. Responding officers eventually surrounded Plaintiff in a marshy area in Egg Harbor Township. *Id.* ¶¶ 26–27. Those officers included Lieutenant Michael Bordonaro and Sergeant Steven Swankoski of Egg Harbor Township and Detective Jeremy Nirenberg of Atlantic City. *Id.* ¶ 29. They observed Plaintiff wade into a marsh unarmed, approached him, and fired multiple gun shots at his back. *Id.* ¶¶ 28–31. Plaintiff alleges that Bordonaro, Swankoski, and Nirenberg's actions of approaching and discharging weapons at Plaintiff violated normal customs or practices, and that they did not receive adequate training or supervision. *Id.* ¶¶ 32–33.

Plaintiff pleads that Defendants' actions caused him serious injuries, including paralysis and severe emotional distress. *Id.* ¶ 34. Plaintiff filed a Complaint against Defendants in the Superior Court of New Jersey, Atlantic County Law Division, on November 2, 2015, seeking damages. *Id.* State Defendants timely removed the case pursuant to 28 U.S.C. § 1441(c) and § 1443 on December 31, 2015 (Doc. No. 1). On March 4, 2016, State Defendants filed and served a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 16). On March 24, 2016, Plaintiff filed a Cross-Motion for Leave to File an Amended Complaint (Doc. No. 22). On April 1, 2016, EHT Defendants filed a Motion to Dismiss (Doc. No. 25).

## II.     PLAINTIFF'S CROSS-MOTION TO AMEND PLEADING

Federal Rule of Civil Procedure 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course . . . (B) if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." State Defendants filed and served a Motion to Dismiss under Rule 12(b)(6) on March 4, 2016. Plaintiff subsequently submitted its first Motion to Amend the Complaint on March 24, 2016. Plaintiff filed the Amended Complaint within 21 days of State Defendants' Motion to Dismiss, which satisfies Rule 15(a)(1)(B), and the Court accordingly grants Plaintiff's Motion to Amend.

## III.    STATE DEFENDANTS' MOTION TO DISMISS

State Defendants filed a Motion to Dismiss before Plaintiff filed the First Amended Complaint. Because the original version of a Complaint is superseded by any amended version, *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002), and State Defendants' Motion

was directed at Plaintiff's original Complaint, State Defendants' Motion is moot. Thus, the Court denies the State Defendants' Motion to Dismiss without prejudice.[1]

## IV. EHT DEFENDANTS' MOTION TO DISMISS

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In making this determination, the court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the

---

[1] For this same reason, this Opinion evaluates EHT Defendants' Motion to Dismiss as directed against the First Amended Complaint.

4

court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

### B.   Count I — Excessive Force

EHT Defendants move to dismiss Plaintiff's excessive force claim against EHT. New Jersey courts analyze excessive force claims under the Fourth Amendment of the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution. *See State v. Ravotto*, 777 A.2d 301, 306 (N.J. 2001). Because Plaintiff also brings a § 1983 and a NJCRA claim, the Court dismisses this Count as duplicative and analyzes the excessive force claim under Counts V and VI below.

### C.   Count II — Intentional Infliction of Emotional Distress

EHT Defendants argue for dismissal of the intentional infliction of emotional distress claim against EHT because it has immunity under the NJTCA. Section 59:2–10 of the NJTCA confers immunity to public entities for intentional torts, and intentional infliction of emotional distress is a tort that requires intentional or reckless conduct. *Ward v. Barnes*, 545 F. Supp. 2d 400, 421 (D.N.J. 2008). Municipalities are considered public entities. N.J. Stat. Ann. § 59:1–3.

5

EHT as a municipality thus has immunity for claims of intentional infliction of emotional distress, and the Court dismisses Count II against EHT with prejudice.

### D.     Count III — Abuse of Process

EHT Defendants move to dismiss the common law abuse of process claim under Rule 12(b)(6).[2] To state a claim for malicious abuse of process in New Jersey, a plaintiff must allege (1) an improper or "ulterior" motive, and (2) "some further act after an issuance of process representing the perversion of the legitimate use of the process." *Fleming v. United Parcel Serv., Inc.*, 604 A.2d 657, 681 (N.J. Super. Ct. Law Div. 1992), *aff'd*, 642 A.2d 1029 (N.J. Super. Ct. App. Div. 1994), *cert. denied*, 649 A.2d 1285 (N.J. 1995). "Process is not abused unless after its issuance the defendant reveals an ulterior purpose he had in securing it by committing 'further acts' whereby he demonstrably uses the process as a means to coerce or oppress the plaintiff." *Ruberton v. Gabage*, 654 A.2d 1002, 1005 (N.J. Super. Ct. App. Div. 1995) (quoting *Tedards v. Auty*, 557 A.2d 1030, 1035 (N.J. Super. Ct. App. Div. 1989)) (internal quotations omitted).

Plaintiff's Complaint does not explain what process EHT Defendants issued, what further act they took after the process' issuance, or how the act revealed an ulterior purpose. The abuse of process allegations are clearly inadequate under Rule 12(b)(6). As such, the Court dismisses this Count against EHT Defendants without prejudice.

### E.     Count IV — Negligence

Plaintiff brings negligence claims against EHT Defendants. "[I]mmunity is the dominant consideration of the [NJTCA]." *Rochinsky v. State, Dep't of Transp.*, 541 A.2d 1029, 1034 (1988) (quoting *Kolitch v. Lindedahl*, 497 A.2d 183 (1985) (O'Hern, J., concurring)). N.J. Stat. Ann. § 59:5–2 immunizes a public entity or public employee from "any injury caused by . . . an

---

[2] The Court analyzes a common law abuse of process claim in this section, and an abuse of process claim under the NJCRA and § 1983 in the Counts V and VI section.

6

escaping or escaped person." In the context of a police pursuit, "when the officer suspect[s] someone of having violated the law and [is] pursuing him, the officer's conduct [is] immune from liability." *Tice v. Cramer*, 627 A.2d 1090, 1097–98 (N.J. 1993*)*. The immunity is absolute save willful misconduct on the part of the public employee. N.J. Stat. Ann. § 59:3–14(a). However, it is well-established that the burden of pleading immunity under the NJTCA rests with the public entity or employee, *Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1112 (N.J. 2009), and EHT Defendants have not raised a defense of immunity for this claim. Thus, the Court analyzes Plaintiff's negligence claim against EHT officers and EHT under the Rule 12(b)(6) standard.

Plaintiff alleges EHT officers were negligent in their approach of and use of force against Plaintiff. In New Jersey, the elements of a cause of action for negligence are: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; (3) proximate cause; and (4) actual damages. *Polzo v. Cnty. of Essex*, 960 A.2d 375, 384 (N.J. 2008). The duty of care is commensurate with the "foresight of harm" based on the activity. *Hill v. Yaskin*, 380 A.2d 1107, 1109 (N.J. 1977). Determining whether a duty of care exists is "quintessentially a question of law for the court." *Highlands Ins. Co. v. Hobbs Grp., LLC*, 373 F.3d 347, 351 (3d Cir. 2004).

Police officers have a duty of care to act with due regard to the safety of the public. *See Pappas v. Union Twp.*, 2010 WL 5419016, at *4 (N.J. Super. Ct. App. Div. Aug. 20, 2010). Plaintiff alleges that EHT officers shot Plaintiff while Plaintiff was unarmed, had his back to the officers, and was wading in a marsh. Accepting these facts as true, they are sufficient to make a plausible showing that EHT officers breached the duty of care. The Complaint also alleges that shots fired by the EHT officers caused Plaintiff to become paralyzed, enough to show causation and damages. The Court is thereby satisfied that the Complaint proffers sufficient facts

7

supporting all four elements of the negligence claim and finds Plaintiff has stated a plausible claim for relief.

Plaintiff asserts negligent training and supervision claims against EHT. The torts of negligent training and supervision require the plaintiff to show the four elements of negligence. *Dixon v. CEC Entm't, Inc.*, 2008 WL 2986422, at *19 (N.J. Super. Ct. App. Div. Aug. 6, 2008). Here, Plaintiff's negligent training and supervision claims against EHT fail on the elements of breach and proximate causation. The Complaint alleges that EHT failed to adequately train and supervise EHT officers in handling the encounter with Plaintiff but furnishes no facts to support that assertion. The pleading standard requires more than mere conclusory statements. In addition, the Complaint does not adequately plead that EHT's training and supervision were a proximate cause of Plaintiff's injuries. Establishing the proximate cause element requires showing that the injury would not have occurred "but for" the defendant's negligence, *Conklin v. Hannoch Weisman*, 678 A.2d 1060, 1071 (N.J. 1996), and Plaintiff makes no such showing here. As such, the Court dismisses the Plaintiff's negligent training and supervision claims against EHT without prejudice.

### F.   Count V — New Jersey Civil Rights Act, Count VI — 42 U.S.C. § 1983

Plaintiff brings civil rights claims under the NJCRA and 42 U.S.C. § 1983. Courts in this district have consistently interpreted the NJCRA and § 1983 analogously. *See Szemple v. Corr. Med. Servs., Inc.*, 493 F. App'x 238, 241 (3d Cir. 2012). This Court thus analyzes Plaintiff's NJCRA and § 1983 claims together.

Plaintiff appears to bring a § 1983 claim against EHT under a *Monell* theory. It is axiomatic that "[a] municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222

(3d Cir. 2014) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)). To hold a city liable under § 1983, the plaintiff must demonstrate that her rights were violated by a policy or custom of the city and that such policy or custom has been "the moving force" behind the deprivation of her constitutional rights. *See Monell*, 436 U.S. at 694. Municipal policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers." *Id.* at 690. A municipal custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id.* at 691.

Under certain circumstances, a municipality's failure to properly train its employees and officers can amount to a "custom" that will trigger liability under § 1983. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989). When a plaintiff alleges that a policy "concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Thomas*, 749 F.3d at 222 (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 409 (1997)).

Municipal liability under § 1983 requires an underlying constitutional violation, *see Monell*, 436 U.S. at 690–91, and Plaintiff appears to identify two theories: excessive force and abuse of process. Plaintiff supports his *Monell* claim by pleading that officials of the municipality acted "pursuant to a policy statement, ordinance, regulation, and/or decision officially adopted and promulgated by Defendants, and/or a well settled custom or practice by

Defendants," and that the officers' actions "were committed as a result of inadequate training and/or supervision by Defendants." Am. Compl. at ¶¶ 55–56. Plaintiff, however, fails to provide any additional evidence. Such threadbare allegations do not make out a plausible claim for relief. They fail to identify any policies or official practices of EHT that were the cause of the excessive force and abuse of process allegedly suffered by Plaintiff. Neither does the Complaint contain any factual averments suggesting that a pattern of untrained employees engaged in similar constitutional violations so as to show a failure to train or supervise on EHT's part. As such, Plaintiff has not met the Rule 12(b)(6) standard, and the Court dismisses the NJCRA and § 1983 claims against EHT without prejudice.

### G. Count VII — Punitive Damages

Lastly, EHT Defendants move to dismiss Plaintiff's punitive damages claim against EHT. Plaintiff brings claims under common law torts, the NJCRA, and § 1983. However, punitive damages are unavailable against municipalities under the NJTCA, the NJCRA, and § 1983. N.J. Stat. Ann. § 59:9–2(c) (NJTCA); *Damiani v. W. Deptford Twp.*, No. Civ. 07-2884 (JEI), 2008 WL 656041, at *5 (D.N.J. Mar. 7, 2008) (NJCRA); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (Section 1983). Plaintiff cites *City of Newport* as support for obtaining punitive damages under § 1983, but the case states only that punitive damages may be available in "an extreme situation where the *taxpayers* are directly responsible" for an outrageous abuse of constitutional rights. 453 U.S. at 267 n.29 (emphasis added). There is no abuse allegedly committed by taxpayers at issue here. Thus, Plaintiff's claim for punitive damages against EHT cannot stand, and the Court dismisses it with prejudice.

## V. CONCLUSION

Plaintiff's Motion to Amend is **GRANTED**. State Defendants' Motion to Dismiss is **DENIED** without prejudice. EHT Defendants' Motion to Dismiss is **GRANTED IN PART**: Count I is dismissed with prejudice; Counts II and VII against EHT are dismissed with prejudice; Counts IV, V, and VI against EHT are dismissed without prejudice, and Count III against EHT Defendants is dismissed without prejudice.

Dated:   10/21/2016                                          s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United State District Judge