IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Donald GARDNER, | |
| Plaintiff, | Civil No. 15-8982 (RBK/AMD) |
| v. | **Opinion** |
| NEW JERSEY STATE POLICE, et al., | |
| Defendant(s). | |

**KUGLER**, United States District Judge:

Plaintiff Donald Gardner brings this action against Defendants New Jersey State Police, Egg Harbor Township, City of Atlantic City, Michael Bordonaro, Steven Swankoski, Jeremy Nirenberg, Edwin Huber, Andrew Koch, Paul Horsey, and Jack Donegan for excessive force, intentional infliction of emotional distress, abuse of process, negligence, violation of the New Jersey Civil Rights Act, violation of 42 U.S.C. § 1983, and punitive damages. Presently before this Court is Defendant City of Atlantic City's ("AC") Motion to Dismiss (Doc. No. 61). For the reasons expressed below, Defendant AC's Motion to Dismiss is **GRANTED**.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court provided a more detailed recital of the facts in its October 21, 2016 Opinion denying Defendants New Jersey State Police, Edwin Huber, Andrew Koch, Paul Horsey, and Jack Donegan's ("State Defendants") Motion to Dismiss and granting Defendants Egg Harbor Township, Michael Bordonaro, and Steven Swankoski's ("EHT Defendants") Motion to Dismiss ("Opinion"). *Gardner v. N.J. State Police*, No. Civ. 15-8982 (RBK/AMD), 2016 WL 6138240

1

(D.N.J. Oct. 21, 2016). Therefore, the Court will only provide a brief summary sufficient to resolve the instant motion.

On November 7, 2013, the EHT Police Department allegedly issued a "be on the lookout of" ("BOLO") for Plaintiff and a vehicle in his possession. Am. Compl. ¶ 17. Detective Sergeant First Class Edwin Huber, Trooper Andrew Koch, Trooper Paul Horsey, and Trooper Jack Donegan of the New Jersey State Police, Casino Gaming Bureau were in Egg Harbor Township, spotted a vehicle that matched the BOLO, and began its pursuit. *Id.* ¶ 20. After unsuccessfully attempting to stop the vehicle, the officers supposedly contacted AC Police Dispatch and falsely reported that Plaintiff was armed with a handgun and dangerous. *Id.* ¶ 22.

Upon receiving the notification, Plaintiff asserts, the AC Police Department disseminated it throughout the county and thereby caused "a false sense of alarm." *Id.* ¶¶ 24–25. Multiple law enforcement agencies and officers began pursuing Plaintiff and eventually surrounded him near a marsh. *Id.* ¶¶ 25–27. Plaintiff, unarmed, waded into the marsh as Detective Jeremy Nirenberg of Atlantic City, and Lieutenant Michael Bordonaro and Sergeant Steven Swankoski of Egg Harbor Township approached him. *Id.* ¶¶ 28–29. At that point, according to Plaintiff, Nirenberg, Bordonaro, and Swankoski each fired shots at Plaintiff while his back was to the officers. *Id.* ¶ 31. As a result, Plaintiff suffered serious injuries, including paralysis and severe emotional distress. *Id.* ¶ 34.

Plaintiff filed a Complaint against Defendants in the Superior Court of New Jersey, Atlantic County Law Division, on November 2, 2015. *Id.* State Defendants timely removed the case pursuant to 28 U.S.C. § 1441(c) and § 1443 on December 31, 2015 (Doc. No. 1). State Defendants filed and served a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) on March 4, 2016 (Doc. No. 16), and Plaintiff filed a Cross-Motion for Leave to File an

Amended Complaint on March 24, 2016 (Doc. No. 22). EHT Defendants brought its own Motion to Dismiss on April 1, 2016 (Doc. No. 25). The Court issued an Opinion and Order on October 21, 2016 granting State Defendants' Motion to Dismiss, granting Plaintiff's Motion to Amend, and denying EHT Defendants' Motion to Dismiss (Doc. Nos. 48, 49). The Opinion and Order dismissed Count I in its entirety; Counts II and VII with prejudice against EHT; Counts IV, V, and VI without prejudice against EHT; and Count III against EHT Defendants. Subsequently, on December 5, 2016, AC brought the present Motion to Dismiss arguing that the Court should dismiss Counts I, II, IV, V, VI, and VII against AC for the same reasons the Court dismissed them against EHT (Doc. No. 61).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In making this determination, the court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

### III. DISCUSSION

#### A. Count I — Excessive Force

As the Court explained in its previous Opinion, New Jersey courts evaluate a claim of excessive force under the Fourth Amendment of the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution. *See State v. Ravotto*, 777 A.2d 301, 306 (N.J. 2001). Thus, Count I is duplicative in light of Plaintiff's excessive force claim and the Court dismisses it with prejudice.

#### B. Count II — Intentional Infliction of Emotional Distress

AC asserts it has immunity against the claim of intentional infliction of emotional distress as the Court found with EHT Defendants. The Court agrees. As the Court previously explained, public entities have immunity for intentional torts under the NJTCA. N.J. Stat. Ann. § 59:2-10. Municipalities are public entities, N.J. Stat. Ann. § 59:1-3, and the claim of intentional infliction of emotional distress necessitates a showing of intentional or reckless conduct, *Ward v. Barnes*, 545 F. Supp. 2d 400, 421 (D.N.J. 2008). Accordingly, the Court must dismiss Count II with prejudice.

### C. Count IV — Negligence

Plaintiff appears to bring a claim for negligent training and supervision against AC, and AC seeks its dismissal under Rule 12(b)(6). The torts of negligent training and supervision require the plaintiff to show the four elements of negligence. *Dixon v. CEC Entm't, Inc.*, 2008 WL 2986422, at *19 (N.J. Super. Ct. App. Div. Aug. 6, 2008). In New Jersey, the elements of a cause of action for negligence are: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; (3) proximate cause; and (4) actual damages. *Polzo v. Cty. of Essex*, 960 A.2d 375, 384 (N.J. 2008). The duty of care is commensurate with the "foresight of harm" based on the activity. *Hill v. Yaskin*, 380 A.2d 1107, 1109 (N.J. 1977). Determining whether a duty of care exists is "quintessentially a question of law for the court." *Highlands Ins. Co. v. Hobbs Grp., LLC*, 373 F.3d 347, 351 (3d Cir. 2004).

The Complaint pleads only that Detective Nirenberg of AC "did not receive adequate training and/or supervision in the handling of the aforementioned situation" and does not further sketch the claim. Such a vague statement is conclusory and does not plausibly show that AC breached a duty of care to Plaintiff. Nor does the Complaint explain how the supposed lack of training and/or supervision was the proximate cause of Plaintiff's injuries. Because Plaintiff

5

could theoretically amend the Complaint to plead facts sufficient to state a claim for relief, however, the Court will dismiss Count IV without prejudice.

### D. Count V — New Jersey Civil Rights Act, Count VI — 42 U.S.C. § 1983

Courts in this district have consistently interpreted the NJCRA and § 1983 analogously. *See Szemple v. Corr. Med. Servs., Inc.*, 493 F. App'x 238, 241 (3d Cir. 2012). This Court will thus analyze both Plaintiff's NJCRA and § 1983 claims in this section. It is axiomatic that "[a] municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)). To hold a city liable under § 1983, the plaintiff must demonstrate that her rights were violated by a policy or custom of the city and that such policy or custom has been "the moving force" behind the deprivation of her constitutional rights. *See Monell*, 436 U.S. at 694. Municipal policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers." *Id.* at 690. A municipal custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id.* at 691.

Under certain circumstances, a municipality's failure to properly train its employees and officers can amount to a "custom" that will trigger liability under § 1983. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989). When a plaintiff alleges that a policy "concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Thomas*, 749 F.3d at 222 (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). "A pattern of similar constitutional violations by untrained employees is

'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 409 (1997)).

Municipal liability under § 1983 requires an underlying constitutional violation, *see Monell*, 436 U.S. at 690–91, and the Complaint appears to identify two constitutional violations, excessive force and abuse of process. In pleading the *Monell* claim, Plaintiff states that Defendants deprived him of his constitutional rights pursuant to a policy, ordinance, regulation, and/or decision officially adopted and promulgated by Defendants; a well-settled custom or practice of Defendants'; and inadequate training and/or supervision. These bare allegations are insufficient to meet the Rule 12(b)(6) standard. Plaintiff merely restates the required elements of a *Monell* claim and pleads no actual facts regarding the supposed policies, customs, or training implemented by AC. However, because Plaintiff could conceivably amend the pleadings to supply facts to state a plausible claim for relief, the Court will dismiss the NJCRA and § 1983 claims without prejudice.

### E. Count VII — Punitive Damages

As the Court noted in its previous Opinion, punitive damages are not available against municipality entities under the NJTCA, NJCRA, and § 1983. N.J. Stat. Ann. § 59:9–2(c) (NJTCA); *Damiani v. W. Deptford Twp.*, No. Civ. 07-2884 (JEI), 2008 WL 656041, at *5 (D.N.J. Mar. 7, 2008) (NJCRA); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (section 1983). As such, the Court will dismiss Count VII with prejudice.

## IV. CONCLUSION

AC's Motion to Dismiss is **GRANTED**: Count I is dismissed with prejudice; Counts II and VII against AC are dismissed with prejudice; and Counts IV, V, and VI against AC are

7

dismissed without prejudice.


Dated: 7/11/2017                                              s/ Robert B. Kugler

                                                              ROBERT B. KUGLER

                                                              United State District Judge