Case 1:15-cv-08982-RBK-AMD Document 22-1 Filed 03/24/16 Page 5 of 19 PageID: 406

JOSEPH M. MAZRAANI, ESQ.
Attorney ID No. 023782004
MAZRAANI & LIGUORI, LLP
1901 Route 130
North Brunswick, NJ 08902
(732) 951-3100
Attorney for Plaintiff, Donald Gardner

| Plaintiff(s), | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE |
|---|---|
| DONALD GARDNER | |
| vs. | DOCKET NO. 15-8982 (RBK-AMD) |
| Defendant(s), | CIVIL ACTION |
| NEW JERSEY STATE POLICE, TOWNSHIP OF EGG HARBOR, CITY OF ATLANTIC CITY, MICHAEL BORDONARO, STEVEN SWANKOSKI, JEREMY NIRENBERG, EDWIN HUBER, ANDREW KOCH, PAUL HORSEY, JACK DONEGAN, JOHN DOES 1-10 AND ABC CORPS. 1-10 (fictitious names) | FIRST AMENDED COMPLAINT |

Plaintiff, Donald Gardner, residing in Atlantic County, New Jersey, by way of Complaint against the Defendants herein, say:

## GENERAL PLEADINGS

1. At all times relevant herein, Plaintiffs resided in the State of New Jersey.

2. At all times relevant herein, upon information and belief, the individual defendants were residents of the State of New Jersey.

3. At all times relevant herein, the public entity defendants were organized under the laws of the State of New Jersey.

Case 1:15-cv-08982-RBK-AMD Document 22-1 Filed 03/24/16 Page 6 of 19 PageID: 407

4. Defendant Michael Bordonaro (hereinafter "Lieutenant Bordonaro") was at all times relevant herein a Lieutenant in the Police Department of the Township of Egg Harbor and responsible for upholding and enforcing the law and maintaining the peace of the Township of Egg Harbor, and was at all times relevant herein involved in the investigation and use of excessive force against Plaintiff. He is sued individually and in his official capacity.

5. Defendant Steven Swankoski (hereinafter "Sergeant Swankoski") was at all times relevant herein a Sergeant in the Police Department of the Township of Egg Harbor and responsible for upholding and enforcing the law and maintaining the peace of the Township of Egg Harbor, and was at all times relevant herein involved in the investigation and use of excessive force against Plaintiff. He is sued individually and in his official capacity.

6. Defendant Jeremy Nirenberg (hereinafter "Detective Nirenberg") was at all times relevant herein a detective in the Police Department of the City of Atlantic City and responsible for upholding and enforcing the law and maintaining the peace of the City of Atlantic City, and was at all times relevant herein involved in the investigation and use of excessive

Case 1:15-cv-08982-RBK-AMD   Document 22-1   Filed 03/24/16   Page 7 of 19 PageID: 408

force against Plaintiff. He is sued individually and in his official capacity.

7. Defendant Edwin Huber (hereinafter "DSFC Huber") was at all times relevant herein a detective sergeant first class with the New Jersey State Police, Casino Gaming Division, and responsible for upholding and enforcing the law and maintaining the peace of the State of New Jersey, and was at all times relevant herein involved in the pursuit of the Plaintiff without justification or probable cause. He is sued individually and in his official capacity.

8. Defendant Andrew Koch (hereinafter "Trooper Koch") was at all times relevant herein a trooper with the New Jersey State Police, Casino Gaming Division, and responsible for upholding and enforcing the law and maintaining the peace of the State of New Jersey, and was at all times relevant herein involved in the pursuit of the Plaintiff without justification or probable cause. He is sued individually and in his official capacity.

9. Defendant Paul Horsey (hereinafter "Trooper Horsey") was at all times relevant herein a trooper with the New Jersey State Police, Casino Gaming Division, and responsible for upholding and enforcing the law and maintaining the peace of the State of New Jersey, and

03/09/2018 FRI 10:49 FAX 9738246061 Jasinski ⌐007/018
Case 1:15-cv-08982-RBK-AMD Document 115 Filed 03/09/18 Page 4 of 15 PageID: 1985

Case 1:15-cv-08982-RBK-AMD Document 22-1 Filed 03/24/16 Page 8 of 19 PageID: 409

was at all times relevant herein involved in the pursuit of the Plaintiff without justification or probable cause. He is sued individually and in his official capacity.

10. Defendant Jack Donegan (hereinafter "Trooper Donegan") was at all times relevant herein a trooper with the New Jersey State Police, Casino Gaming Division, and responsible for upholding and enforcing the law and maintaining the peace of the State of New Jersey, and was at all times relevant herein involved in the pursuit of the Plaintiff without justification or probable cause. He is sued individually and in his official capacity.

11. Defendant City of Atlantic City has a principal place of business located at 2715 Atlantic Avenue, Atlantic City, New Jersey, and at all times relevant hereto had the duty to provide training, supervision and/or overall management of the Atlantic City Police Department Officers.

12. Defendant Egg Harbor Township has a principal place of business located at 3515 Bargaintown Road, EHT, New Jersey, and at all times relevant hereto had the duty to provide training, supervision and/or overall management of the EHT Police Department Officers.

Case 1:15-cv-08982-RBK-AMD Document 22-1 Filed 03/24/16 Page 9 of 19 PageID: 410

13. Defendant New Jersey State Police (hereinafter "New Jersey State Police") is a law enforcement agency whose principal place of business is located West Trenton, New Jersey, and at all times relevant hereto had the duty to provide training, supervision and/or overall management of the New Jersey State Police Troopers.

14. Defendant John Doe Supervising Officers 1-9 were at all times relevant hereto officers in the Police Department responsible for upholding and enforcing the law and maintaining the peace in the City of Atlantic City, Township of Egg Harbor and/or State of New Jersey and were also responsible for supervising and training subordinate officers and were also responsible for creating and implementing policy statements, ordinances, regulations, official decisions and well settled customs and practices. They are sued individually and in their official capacity.

15. Defendant John Does 1-8 are fictitious persons/law enforcement officers whose identities are unknown at this time, and all times relevant hereto were responsible for the investigation and/or enforcement of the laws within the City of Atlantic City, Township of Egg Harbor and/or State of New Jersey and/or may have been responsible, directly and/or indirectly, for the

03/09/2018 FRI 10:50 FAX 9738246061 Jasinski ⌀009/018
Case 1:15-cv-08982-RBK-AMD Document 115 Filed 03/09/18 Page 6 of 15 PageID: 1987

Case 1:15-cv-08982-RBK-AMD Document 22-1 Filed 03/24/16 Page 10 of 19 PageID: 411

injuries sustained by Plaintiffs. At such time as their identities become known, this Complaint will be amended to name the known persons. They are sued individually and in their official capacity.

16. Defendants ABC Corps. 1-10 are fictitious names for entities who were responsible for the investigation and/or enforcement of the laws within the City of Atlantic City, Township of Egg Harbor and/or State of New Jersey and/or were responsible for training, supervision and/or management of City of Atlantic City, Township of Egg Harbor and/or State of New Jersey Officers who may have been responsible, directly and/or indirectly, for the injuries sustained by Plaintiffs. At such time as their identities become known, this Complaint will be amended to name the known persons.

17. On or before November 7, 2013, the EHT Police Department issued a "be on lookout of" (hereinafter "BOLO") regarding Donald Gardner and a motor vehicle allegedly in the possession of Mr. Gardner. The EHT Police Department issued the BOLO against normal custom and/or policy without probable cause and without ascertaining the veracity of same.

18. On or about November 7, 2013, DSFC Huber, Trooper Koch, Trooper Horsey and Trooper Donegan, were working for the NJSP Casino Gaming Bureau.

03/09/2018 FRI 10:50 FAX 9738246061 Jasinski ☒010/018
Case 1:15-cv-08982-RBK-AMD Document 115 Filed 03/09/18 Page 7 of 15 PageID: 1988

Case 1:15-cv-08982-RBK-AMD Document 22-1 Filed 03/24/16 Page 11 of 19 PageID: 412

19. On that same date and time, DSFC Huber, Trooper Koch, Trooper Horsey and Trooper Donegan, were in the Township of Egg Harbor and observed a vehicle that appeared to match the vehicle identified in the BOLO.

20. The policy and/or custom of the New Jersey State Police is to verify the information and authenticity of the BOLO before taking further action. Against Policy and/or custom and without first verifying the information in the BOLO or ascertaining the purpose or intent of the BOLO, DSFC Huber, Trooper Koch, Trooper Horsey and Trooper Donegan, pursued the vehicle without probable cause or justification.

21. DSFC Huber, Trooper Koch, Trooper Horsey and Trooper Donegan, attempted to make a traffic stop of the vehicle without probable cause or justification.

22. After failing to pull over the vehicle, DSFC Huber, Trooper Koch, Trooper Horsey and/or Trooper Donegan, contacted Atlantic City Police Dispatch and falsely advised that the Plaintiff was armed with a handgun and dangerous.

23. Defendant, New Jersey State Police did not provide adequate training and/or supervision to DSFC Huber, Trooper Koch, Trooper Horsey and/or Trooper Donegan in these types of scenarios allowing the aforementioned events to unfold.

03/09/2018 FRI 10:50 FAX 9738246061 Jasinski ☒011/018
Case 1:15-cv-08982-RBK-AMD   Document 115   Filed 03/09/18   Page 8 of 15 PageID: 1989

Case 1:15-cv-08982-RBK-AMD   Document 22-1   Filed 03/24/16   Page 12 of 19 PageID: 413

24. Without verification, the Atlantic City Police Department disseminated the information countywide.

25. These events created a false sense of alarm and led to numerous law enforcement agencies and personnel pursuing the Plaintiff under the mistaken belief that the Plaintiff was armed and dangerous.

26. Following these events, the Plaintiff remained in the Township of Egg Harbor while in police pursuit.

27. The Plaintiff was subsequently surrounded by responding officers and was isolated in a marshy area of Egg Harbor Township.

28. The Plaintiff was unarmed and observed wading through the marsh without a weapon.

29. Lieutenant Bordonardo, Sergeant Swankoski, and Detective Nirenberg, approached the Plaintiff while the Plaintiff was wading in the marsh.

30. For unknown reasons and without justification, Lieutenant Bordonardo, Sergeant Swankoski, and Detective Nirenberg, used force against the Plaintiff that was excessive.

31. This force included each individual firing multiple shots at the Plaintiff while the Plaintiff was unarmed and had his back to Lieutenant Bordonardo, Sergeant Swankoski, and Detective Nirenberg.

03/09/2018 FRI 10:50 FAX 9738246061 Jasinski ☒012/018
Case 1:15-cv-08982-RBK-AMD Document 115 Filed 03/09/18 Page 9 of 15 PageID: 1990

Case 1:15-cv-08982-RBK-AMD Document 22-1 Filed 03/24/16 Page 13 of 19 PageID: 414

32. Lieutenant Bordonardo, Sergeant Swankoski, and Detective Nirenberg did not follow the normal customs and/or practices in approaching the Plaintiff and discharging their weapons.

33. Lieutenant Bordonardo, Sergeant Swankoski, and Detective Nirenberg did not receive adequate training and/or supervision in the handling of the aforementioned situation.

34. Plaintiff sustained serious injuries as a result of the Defendants action including, but not limited to, Paralysis and severe emotional distress.

35. Plaintiffs provided notices pursuant to N.J.S.A. 59:1-1, et seq.

36. Each count below is being asserted against each respective Defendant in their official capacity as well as in their individual capacity.

### FIRST COUNT - EXCESSIVE FORCE

37. Plaintiffs repeat and reiterated the allegations set forth in Pleadings Common to All Counts as though set forth herein at length.

38. Defendant, Lieutenant Bordonardo, Sergeant Swankoski, and Detective Nirenberg, actions aforesaid constitute excessive force against the Plaintiff.

03/09/2018 FRI 10:50 FAX 9738246061 Jasinski ☐013/018
Case 1:15-cv-08982-RBK-AMD Document 115 Filed 03/09/18 Page 10 of 15 PageID: 1991

Case 1:15-cv-08982-RBK-AMD Document 22-1 Filed 03/24/16 Page 15 of 19 PageID: 416

### THIRD COUNT - ABUSE OF PROCESS

43. Plaintiff repeats and reiterates the allegations set forth in Pleadings Common to All Counts as though set forth herein at length.

44. Defendants actions aforesaid constitute abuse of process.

45. As a direct and proximate result of Defendants' abuse of process, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, statutory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

### FOURTH COUNT - NEGLIGENCE

46. Plaintiff repeats and reiterated the allegations set forth in Pleadings Common to All Counts as though set forth herein at length.

47. Defendants were negligent in their actions leading up to the incident which led to the shooting of the Plaintiff.

48. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, statutory damages,

03/09/2018 FRI 10:50 FAX 9738246061 Jasinski ☒014/018
Case 1:15-cv-08982-RBK-AMD   Document 115   Filed 03/09/18   Page 11 of 15 PageID: 1992

Case 1:15-cv-08982-RBK-AMD   Document 22-1   Filed 03/24/16   Page 14 of 19 PageID: 415

39. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants, Lieutenant Bordonardo, Sergeant Swankoski, and Detective Nirenberg, for compensatory damages, statutory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

## SECOND COUNT - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff repeats and reiterates the allegations set forth in Pleadings Common to All Counts as though set forth herein at length.

41. Defendants acted recklessly and/or intentionally in deliberate disregard of a high degree of probability that Plaintiff would suffer emotional distress.

42. Defendants' actions aforesaid were extreme and outrageous proximately causing Plaintiff' severe emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, statutory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

Case 1:15-cv-08982-RBK-AMD Document 22-1 Filed 03/24/16 Page 16 of 19 PageID: 417

punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

### FIFTH COUNT - NEW JERSEY CIVIL RIGHTS VIOLATION

49. Plaintiff repeats and reiterated the allegations set forth in Pleadings Common to All Counts as though set forth herein at length.

50. At all relevant times herein, Defendants deprived, interfered with and/or attempted to interfere by threats, intimidation and/or coercion with the exercise and/or enjoyment of Plaintiff of his substantive due process, equal protection rights, privileges and/or immunities secured by the Constitution and/or laws of the United States and/or State of New Jersey, in violation of N.J.S.A. 10:6-2.

51. As a direct and proximate result of Defendants' violations of Plaintiff's civil rights guaranteed to him by N.J.S.A. 10:6-2, Plaintiff suffered damages.

52. The civil rights violations aforesaid were committed by Defendants with actual malice and/or wanton and willful disregard of persons who foreseeably might be harmed by Defendants' actions.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, statutory damages,

03/09/2018 FRI 10:51  FAX 9738246061 Jasinski                                         ☒016/018
Case 1:15-cv-08982-RBK-AMD   Document 115   Filed 03/09/18   Page 13 of 15 PageID: 1994

Case 1:15-cv-08982-RBK-AMD   Document 22-1   Filed 03/24/16   Page 17 of 19 PageID: 418

punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

### SIXTH COUNT - 42 U.S.C. 1983 VIOLATION

53. Plaintiff repeats and reiterated the allegations set forth in Pleadings Common to All Counts as though set forth herein at length.

54. At all relevant times herein, Defendants, under color of law, subjected Plaintiff and/or caused Plaintiff to be subjected to a deprivation of his rights, privileges, and/or immunities secured to him by the Constitution.

55. The acts aforesaid were committed pursuant to a policy statement, ordinance, regulation, and/or decision officially adopted and promulgated by Defendants, and/or a well settled custom or practice by Defendants.

56. The acts aforesaid were committed as a result of inadequate training and/or supervision by Defendants.

57. As a direct and proximate result of Defendants' violations of Plaintiffs' civil rights guaranteed to them by 42 U.S.C. 1983, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, statutory damages,

03/09/2018 FRI 10:51 FAX 9738246061 Jasinski ☒017/018
Case 1:15-cv-08982-RBK-AMD Document 115 Filed 03/09/18 Page 14 of 15 PageID: 1995

Case 1:15-cv-08982-RBK-AMD Document 22-1 Filed 03/24/16 Page 18 of 19 PageID: 419

punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

### SEVENTH COUNT – PUNITIVE DAMAGES

58. Plaintiff repeats and reiterated the allegations set forth in Pleadings Common to All Counts as though set forth herein at length.

59. The acts committed by Defendants aforesaid were done with actual malice and/or a wanton and willful disregard of persons who foreseeably might be harmed by Defendants actions.

60. Plaintiff seeks punitive damages pursuant to N.J.S.A. 2A:15-5.10. et seq.

WHEREFORE, Plaintiff demands judgment against Defendants for punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

### TRIAL DESIGNATION

Pursuant to Rule 4:25-4, Joseph M. Mazraani, Esq., has been designated as trial counsel on behalf of the Plaintiffs in the above captioned matter.

**CERTIFICATION**

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any other Court and is likewise not the subject of any pending arbitration proceeding. The undersigned further certifies that he has no knowledge of any action or arbitration proceeding which is contemplated regarding the subject matter of this action and that he is not aware of any other parties who should be joined in this action.

MAZRAANI & LIGUORI, LLP<br>
Attorneys for Plaintiff<br><br>
BY: _____<br>
JOSEPH M. MAZRAANI

Dated: March 24, 2016